**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRENDA PENHALL,

        Plaintiff-Appellant,

v.

LAKE COUNTY PROBATION
DEPARTMENT, a local government agency;
ROBERT HOWE,

        Defendants-Appellees.

No.   22-16665

D.C. No. 3:19-cv-03769-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted February 12, 2024
San Francisco, California

Before: BEA, HAMILTON,[**] and CHRISTEN, Circuit Judges.

Plaintiff-Appellant Brenda Penhall ("Penhall") appeals an order of the District

Court that granted the Lake County Probation Department's ("LCPD") and LCPD

Probation Chief Robert Howe's ("Howe") (collectively, "Defendants-Appellees")

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The Honorable David F. Hamilton, United States Circuit Judge for the
U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

motion for summary judgment as to her claims under the Americans with Disabilities Act ("ADA") and California's Fair Employment and Housing Act ("FEHA"). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's grant of summary judgment. *See Jones v. Union Pac. R. Co.*, 968 F.2d 937, 940 (9th Cir. 1992). We affirm.

The District Court properly granted summary judgment as to Penhall's FEHA claims for disability discrimination and failure to make a reasonable accommodation.[1] Under the FEHA, it is unlawful "[f]or an employer, because of the . . . physical disability . . . of any person, . . . to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Cal. Gov't Code § 12940(a). The FEHA defines "physical disability" as, among other things, "[b]eing regarded or treated by the employer . . . as having . . . any physical condition that makes achievement of a major life activity difficult." Cal. Gov't Code § 12926(m)(4).

Penhall failed to submit evidence that established a prima facie case of disability discrimination under the FEHA. "A prima facie case for discrimination

---

[1] Penhall forfeited any challenge to the District Court's grant of summary judgment as to her ADA claims and her FEHA failure to engage and hostile work environment claims, as she failed to raise and argue specifically and distinctly these issues in her Opening Brief. *See Int'l Union of Bricklayers & Allied Craftsman Loc. Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985).

on grounds of physical disability under the FEHA requires [a] plaintiff to show: (1) he suffers from a disability; (2) he is otherwise qualified to do his job; and, (3) he was subjected to adverse employment action because of his disability." *Faust v. California Portland Cement Co.*, 150 Cal. App. 4th 864, 886 (2007) (quoting *Deschene v. Pinole Point Steel Co.*, 76 Cal. App. 4th 33, 44 (1999)). Penhall did not submit evidence that established that Defendants-Appellees regarded her as limited in a "major life activity." *See* Cal. Gov't Code § 12926(m)(4). Rather, the evidence established that (1) Penhall's physician cleared her to complete the Police Academy course as of December 21, 2017, and (2) Howe believed that Penhall was cleared to complete and should participate in the Police Academy course based on Penhall's physician's assessment. Hence, no evidence established that Penhall was terminated from her position as a Welfare Investigator Trainee *because* Defendants-Appellees regarded her as limited in a major life activity. Thus, the District Court properly concluded there were no genuine issues of fact material to Penhall's FEHA disability discrimination claim.

Penhall also failed to submit evidence that established a prima facie case for failure to make reasonable accommodation under the FEHA. "The elements of a reasonable accommodation cause of action are (1) the employee suffered a disability, (2) the employee could perform the essential functions of the job with reasonable accommodation, and (3) the employer failed [] reasonably [to] accommodate the

3

employee's disability." *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 373 (2015). Because no evidence established that Penhall was regarded as "disabled" under the FEHA, the District Court properly concluded Penhall was not due a reasonable accommodation. *See id.* Further, the evidence established that Howe exercised discretion over which training Welfare Investigator Trainees must complete, and his opinion was that the Police Academy course was necessary. Therefore, there was no alternative to the Police Academy course, and, hence, no reasonable accommodation available to Penhall. Thus, the District Court properly concluded there were no genuine issues of fact material to Penhall's FEHA reasonable accommodation claim.

**AFFIRMED.**